IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) ) ) | |
| FIDEL AND DEBORAH GONZALEZ, | ) ) ) | CASE NO. 05-81599-G3-13 |
| Debtors | ) | |

MEMORANDUM OPINION

The court has considered Frost National Bank's Motion for Relief From Stay (Docket No. 15). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Fidel and Deborah Gonzalez, Debtors, filed a Chapter 13 bankruptcy proceeding on June 4, 2005. Prior to Debtors' filing of bankruptcy, Frost National Bank ("Movant") filed a lawsuit against Deborah Gonzalez in Cause No. 836,692, *Frost National Bank v. Deborah Gonzalez,* County Civil Court at Law No. 2, Harris County, Texas. On June 14, 2005, Movant, unaware of the filing of Debtors' bankruptcy petition, filed a Motion for Default Judgment in the state court lawsuit. On June 15, 2005, the state court Judge rendered a Default Judgment against the Debtor, Deborah Gonzalez.

On October 21, 2005, the instant bankruptcy proceeding was dismissed pursuant to the Chapter 13 Trustee's dismissal motion.  Docket No. 12.  Movant seeks retroactive annulment of the automatic stay to validate the state court Judgment.  Debtors did not file a Response to the motion but their counsel did appear at the preliminary and final hearings.

Debtors did not dispute that they did not file a Suggestion of Bankruptcy in the state court lawsuit and did not send notice of the bankruptcy filing to counsel for Movant until after the default judgment had been granted.  Debtors' Schedules and Statement of Financial Affairs reference the state court suit which indicates that the Debtors were aware of the existence of the lawsuit as of the date of their bankruptcy filing.  Docket No. 1.

The court finds that the Debtors will not be harmed by retroactively annulling the automatic stay.  To require Movant to return to state court and file its suit again would be a waste of judicial resources, and would trigger unnecessary attorneys' fees and costs.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section,

>such as by terminating, annulling, modifying, or conditioning such stay–
>
>>(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>>(2) with respect to a stay of an act against property under subsection (a) of this section, if--
>>
>>>(A) the debtor does not have an equity in such property;   and
>>>
>>>(B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).

Section 362(g) specifies that the party requesting the relief has the burden of proof on the issue of the debtor's equity in the property and the party opposing has the burden of proof on all other issues.

It is well settled that actions taken in violation of the automatic stay are not *void*, but rather they are merely *voidable*.  The bankruptcy court has the power to annul the automatic stay pursuant to section 362(d).  See <u>Jones v. Garcia (In re Jones)</u>, 63 F.3d 411, 412 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1566 (1995).

Annulment of the stay has the effect of eliminating it retroactively.  <u>Sikes v. Global Marine, Inc.</u>, 881 F.2d 176 (5th Cir. 1989); <u>In re Pierce</u>, 272 B.R. 198 (Bankr. S.D. Tex. 2001). Courts have entered orders annulling the stay where a creditor having no knowledge of a pending bankruptcy forecloses in good

faith on the collateral.  See In re Pinetree, Ltd., 876 F.2d 34 (5th Cir. 1989); In re Albany Partners, Ltd., 749 F.2d 670 (11th Cir. 1984); In re Jones, 63 F.3d 411 (5th Cir. 1995).

There is no evidence that Frost National Bank had actual notice of the filing of the petition in the instant case. Lack of knowledge is but one equitable reason why the stay might be annulled.  Pierce, 272 B.R. at 210.  Frost National Bank proceeded in good faith in state court when it filed its Motion for Default Judgment.  It had no notice of the instant bankruptcy filing prior to filing its Motion or prior to the state court rendering Judgment.  No valid purpose is to be served by requiring that movants file more papers with an already busy court.  Sikes, 881 F.2d at 180.

The court concludes, based on the totality of the circumstances, that there are sufficient grounds to annul the automatic stay for cause with respect to Frost National Bank in the instant case.  Based on the foregoing, a separate Judgment will be entered annulling the automatic stay in the instant case.

Signed at Houston, Texas on February 14, 2006.

*[signature]*

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE